**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 05-1799

WILLIAM HERNAN BUILES-VASQUEZ,

Petitioner,

v.

ALBERTO R. GONZALES, Attorney General,

Respondent.

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lipez, <u>Circuit Judge</u>,
Campbell, <u>Senior Circuit Judge,</u>
and Bowman,[*] <u>Senior Circuit Judge</u>.

Jose A. Espinosa on brief for petitioner.
George B. Henderson, II, Assistant United States Attorney, and Michael J. Sullivan, United States Attorney, on brief for respondent.

April 17, 2006

[*]Of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Per Curiam.  William Hernan Builes-Vasquez (Builes)[1], a native and citizen of Colombia, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming without opinion an order of the Immigration Judge (IJ) denying Builes's application for asylum.[2]  For the reasons stated below, we deny the petition for review.

Builes entered the United States without a valid entry document on October 17, 2001, and was placed in removal proceedings four days later.  Builes filed an application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), claiming that he had been persecuted in Colombia based on his political opinion and that he feared continued persecution if he were forced to return to Colombia.

At a hearing before the IJ, Builes, the sole witness, testified that he managed a farm owned by his father, although both he and his parents lived elsewhere.  In early 2000, guerilla forces visited the farm, demanded that a "tax" be paid every six months, and threatened to slaughter cattle if the "tax" were not paid.  Builes arranged for the farm's foreman, who lived on the premises,

---

[1]In his brief, the petitioner is referred to as "Builes" so we use that name in our opinion.

[2]Builes does not seek review of the BIA's denial of his application for withholding of removal and protection under the Convention Against Torture.

to pay the "tax" to the guerillas.  The first payment was made in early 2000, the last in June 2001.

Builes further testified that in July 2001, a paramilitary group began threatening his family based on the group's belief that the Builes family was collaborating with guerilla forces.  The paramilitaries apparently believed that the "tax" payments were evidence of the Builes family's support of the guerilla forces. The paramilitary group's threats involved graffiti at the family farm and telephone calls to Builes's home warning against continued collaboration with the guerilla forces.  Builes reported the threats to local police, but according to Builes, nothing was done.  Builes testified that after these incidents, he was "desperate" to leave Colombia because he felt that his life was in danger.

In September 2001, Builes traveled to Medellin, Colombia, to obtain a passport and stayed with family members in that city for some time.  After receiving a fraudulent passport, Builes traveled through Colombia to Venezuela, where he purchased an airline ticket and eventually arrived in the United States on October 17, 2001. About three months after Builes left Colombia, his father sold the farm.  Builes's parents and younger siblings still live in Colombia.

The IJ found Builes's testimony regarding the guerilla and paramilitary incidents credible, as it was consistent both internally and with country condition reports for Colombia.  The IJ

-3-

also found, however, that (1) Builes's testimony regarding his fraudulently obtained passport and his travels through Colombia to Venezuela and the United States was vague and inconsistent; (2) Builes failed to establish that the threats to his family continued after his father sold the farm; (3) Builes failed to submit copies of the police reports documenting the threats or statements from family members corroborating the threats; and (4) Builes failed to explain why he could not relocate within Colombia given his previous ability to travel unmolested throughout the country. Based on these findings, the IJ concluded that Builes was not entitled to relief. The BIA affirmed without opinion. Builes then filed this petition for review, arguing that he made the necessary showing to qualify for asylum.

When the BIA summarily affirms an IJ's decision, "we treat the findings and conclusion[s] of the IJ as the Board's." Herbert v. Ashcroft, 325 F.3d 68, 71 (1st Cir. 2003). We will uphold an IJ's determination denying asylum if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We will reverse only if the evidence presented was so overwhelming that any reasonable adjudicator would be compelled to reach the contrary conclusion. See Olujoke v. Gonzales, 411 F.3d 16, 21 (1st Cir. 2005).

-4-

"To qualify as persecution, [an alien's] experience must rise above unpleasantness, harassment, and even basic suffering." Nelson v. INS, 232 F.3d 258, 263 (1st Cir. 2000). Here, the IJ found "it impossible to conclude . . . that [Builes's] fears of harm were so significant that his departure from his country was necessary for him to find safe haven." We agree. The graffiti and telephone threats were not addressed to Builes personally. Builes was never directly confronted by the paramilitary group or threatened with serious harm. He traveled throughout Colombia free from harassment. We cannot conclude that a reasonable factfinder would have been compelled to find that Builes's experiences amounted to more than harassment and unpleasantness. The record supports the IJ's conclusion that Builes has failed to establish past persecution.

Generally, if an alien establishes past persecution, he is presumed to have a well-founded fear of future persecution unless the INS proves otherwise. See 8 C.F.R. § 208.13(b)(1)(ii). Although Builes is not entitled to this presumption, he nevertheless can establish a well-founded fear of future persecution if he can show that his fear is "both genuine and objectively reasonable." Nelson, 232 F.3d at 264 (internal quotations and citations omitted). The IJ concluded that after Builes's father sold the family farm, Builes had no "objective reasons to fear harm in his home country" since the guerilla forces made no further demands for "tax" payments

and the paramilitary group made no further threats related to his family's perceived collaboration with the guerilla forces. Moreover, the IJ found that members of Builes's family continue to live in Colombia and that there was no evidence that these relatives have been subjected to threats or physical harm. Based on the record in this case, we cannot say that a reasonable factfinder would be compelled to find that Builes demonstrated a well-founded fear of future persecution. Accordingly, the finding by the IJ that Builes failed to establish an objectively reasonable basis to fear future persecution if he is returned to Colombia must be upheld.

In sum, we hold that substantial evidence supports the IJ's conclusion that Builes failed to show either past persecution or a well-founded fear of future persecution. We therefore deny the petition for review.